**HAVEN, et ux v. AMERICAN FIRE & CASUALTY CO., et al.**
No. 74-6765-10.
Circuit Court, Pinellas County.
May 13, 1975.

Thomas M. Woodruff, St. Petersburg, for plaintiffs.

James C. Hadaway, Tampa, for defendants.

JACK E. DADSWELL, Circuit Judge.

This cause came on to be heard upon the defendants' motion for summary judgment, motion for continuance and motion to strike the affidavit of Dr. Peter G. Fernandez, D.C.

Defendants' motion for summary judgment was based on two grounds — first, that there was no showing in the record that plaintiff, Gary Haven, had reached the threshold requirements of the Florida Automobile Reparations Reform Act, Florida Statutes 627.730 - 627.741, in that there was no showing he had medical bills in excess of $1,000 or permanent injury based on reasonable medical probability; and second, that testimony of a chiropractic physician as to permanency is not admissible under the requirements of §627.737(2) which requires reasonable medical probability, a chiropractor not being a medical physician.

The court having been advised by argument of counsel and the law, it is ordered and adjudged that a chiropractic physician can testify within an area of his art and expertise whether there is permanency so as to determine whether the plaintiff meets the permanency threshold in the Florida No-Fault Law.

It is further ordered and adjudged that, the affidavit of the treating physician in this case having been filed indicating that in his opinion the plaintiff has suffered permanent injury as a result

of the accident, the defendants' motion for summary judgment is denied.

It is further ordered and adjudged that defendants' motion for continuance is granted, and the trial in this matter shall be continued to a later trial docket.

It is further ordered and adjudged that defendants' motion to strike the affidavit of Dr. Peter G. Fernandez, D.C., is denied.